**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-10554 |
| Plaintiff-Appellee, | D.C. No. 2:11-cr-00468-TLN-3 |
| v. | |
| ERIK HERMANN GREEN, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Troy L. Nunley, District Judge, Presiding

Argued and Submitted June 14, 2017
San Francisco, California

Before: SCHROEDER and N.R. SMITH, Circuit Judges, and PIERSOL,[**] District Judge.

Defendant Erik Green appeals his conviction and sentence for five counts of wire fraud involving a mortgage lending scheme. We have jurisdiction under 28 U.S.C. § 1291. We vacate the judgment of conviction and remand to the district

_____

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Lawrence L. Piersol, United States District Judge for the District of South Dakota, sitting by designation.

court for further proceedings, which may include a new trial. *See United States v. Haischer*, 780 F.3d 1277, 1284 (9th Cir. 2015).

**1.** The exclusion of Green's expert testimony denied Green his right to present a complete defense. *See United States v. Lindsey*, 850 F.3d 1009, 1016–18 (9th Cir. 2017). The government was required to prove that Green's allegedly false statements in loan documents were "material." *See id.* at 1013. Materiality is an objective standard, meaning a victim's negligence or "intentional disregard of relevant information is not a defense." *Id.* at 1015–16. Therefore, the district court did not abuse its discretion by excluding the proffered evidence of the lending behavior of Green's particular lender.

However, Green was entitled to present expert testimony concerning "the lending standards generally applied in the mortgage industry."[1] *Id.* at 1016; *see also Universal Health Servs., Inc. v. U.S. ex rel. Escobar*, 136 S. Ct. 1989, 2003–04 (2016). In his pretrial motion to allow expert testimony, Green argued to the district court that the jury could only evaluate materiality properly "by understanding the [mortgage lending] industry" during the period of his alleged conduct. Therefore, Green sought "to present evidence, through [his] expert . . . of

---

[1] We acknowledge that the district court did not have the benefit of our opinion in *Lindsey* when it ruled on Green's motion.

the state of the mortgage industry" at that time.

For example, Green's proffer of the expert's testimony expressed that the competition in the lending industry in the mid-2000s led lenders to lower their standards for issuing loans. The proffered testimony explained that, although underwriting standards were still in place, they were largely a facade to which the lenders would make substantial exceptions in order to issue more loans. Lenders were making these loans even when it was apparent that the borrower had poor credit or was not accurately reporting his or her income. Green was entitled to present this and other testimony about the standards generally applied in the lending industry at the time, and the district court abused its discretion in not allowing such testimony to the extent permitted by *Lindsey*.

This error denied Green "a meaningful opportunity to present a complete defense," because (1) materiality was an essential element of wire fraud, (2) his main defense to materiality was that mortgage industry lenders at the time of his alleged fraud were only interested in closing on loans and would issue loans regardless of borrower qualifications, and (3) the expert's testimony was essentially Green's only evidence to prove these industry practices. *See Haischer*, 780 F.3d at 1284 (citation omitted). As the government has offered no argument that this error was harmless, it has waived the issue. *See United States v.*

*Murguia-Rodriguez*, 815 F.3d 566, 572 (9th Cir. 2016).

**2.** The district court would abuse its discretion if, on remand, it gave an instruction that allowed the jury to convict Green of wire fraud, based on a theory of material omission, without also instructing the jury that it must first find Green had a duty to disclose the information. *See United States v. Shields*, 844 F.3d 819, 822–23 (9th Cir. 2016). At oral argument, Green conceded his other challenge to the jury instructions, in light of *Lindsey*.

"Because we set aside the judgment of conviction, we do not reach the other issues that [Green] raised in this appeal." *Haischer*, 780 F.3d at 1284.

**VACATED** and **REMANDED**.